*J. B. & W. Niles,* for appellees.

---

LOWRY v. SHANE and Another.

EVIDENCE.—*Pleading.—Promissory Note.*—In a suit on a promissory note, want of consideration, mistake, or the concurrent execution of an instrument that may modify or control the legal effect of the note, cannot properly be given in evidence by the defendant under an answer of payment, and if given in evidence, cannot establish such an answer.

APPEAL from the Ripley Common Pleas.

WORDEN, J.—This was an action by the appellant against the appellees. Issue, trial by the court, finding and judgment for the defendants. The suit was upon a promissory note executed by the defendants, on the 31st of December, 1867, to Loudheimer & Weiskoff, for the sum of two hundred dollars, payable ninety-five days after date, at the First National Bank of Lawrenceburg, Indiana, and endorsed by the payees to the plaintiff. The complaint does not seem to have been drawn with any special reference to the law governing notes payable at a bank in this State, as it does not appear therefrom when the note was endorsed to the plaintiff, whether before or after maturity, nor does it appear therefrom that the endorsement was made for a valuable consideration.

The defendants answered, first, by general denial; and second, that before the commencement of this suit, the defend-

ants paid to the plaintiff's assignors, before notice of the assignment, the full amount of the note. . Reply in denial.

On the trial, the plaintiff showed that he was a purchaser of the note for value, before maturity, without notice of any equities between the original parties, and was entitled to whatever rights the law would give him as such holder. But the case was tried upon the theory that payment by the makers to the payees, before notice to the makers of the assignment, would defeat the right of the holder. No objection was made to the paragraph of the answer alleging such payment.

We think, however, that the evidence utterly failed to sustain the answer of payment. It did not even tend to prove such payment. It should be observed that the plaintiff gave the note in evidence, which, *prima facie*, made out his case.

It appears that the note was given on settlement of a large account between the makers and payees thereof, for a balance found due the payees, but the makers claimed that they had not been credited with the sum of two hundred dollars for which they should have had credit; but the payees claimed that the makers had been credited for all that had been paid.

At the time of the settlement and the execution of the note, the payees executed to the makers the following instrument, viz. :

.·" CINCINNATI, Dec. 31st, 1867.

" We, the undersigned, agree and bind ourselves to correct William Shane, Esq.'s account if there be an error in said account, according to a statement we gave said William Shane this day, showing a balance in our favor of four hundred and eighty-two dollars. Said William Shane claims to have given us an order on Hugh Morgan, Esq., of this city, which fact we admit and claim we have given him credit for same, November 30th, 1866, amounting to two hundred dollars. Said order was given to us by said Shane on H. Morgan before said Morgan paid us the money. We do not remember the date of said order. If the above credit of November 30th, 1866, of two hundred dollars was not

paid us by H. Morgan, then said William Shane must show and prove by whom said two hundred dollars credited to him November 30th, 1866, was paid.

(Signed)  LOUDHEIMER, WEISKOPF & Co."

The evidence turned upon the question whether or not the proper credit had been given, in the settlement, for the order on Morgan. There was no pretense that anything had been paid on the note subsequent to its execution. Admitting that the proper credit had not been given on the settlement, and consequently, that the note was without consideration and executed through mistake, still the plea of payment was utterly unsupported. The evidence was inadmissible under the issues, but was received over the objection of the appellant. We think that the want of consideration, mistake, or the concurrent execution of an instrument that may modify or control the legal effect of a note, cannot be given in evidence under a plea of payment, or, if given in evidence, cannot establish such plea. These are propositions too clear to require the citation of authorities in their support.

The judgment below is reversed, with costs, and the cause remanded, with leave to the parties to amend their pleadings.

*W. D. Ward* and *J. O. Cravens*, for appellant.

*E. P. Ferris* and *H. T. Lipperd*, for appellees.